# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| RESHARE COMMERCE, LLC,<br>FITNESS FORMULARY, LLC,<br><br>                    PLAINTIFFS,<br><br>v.<br><br>DOTFIT, LLC,<br><br>                    DEFENDANT. | CIVIL NO.  11-CV-3010  (JNE/TNL)<br><br>**PRETRIAL SCHEDULING<br>ORDER<br>(PATENT)** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and less expensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by D. Minn. LR 16.3.

1. Discovery & Pleading of Additional Claims & Defenses

    a. Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

    b. Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave.

    c. Leave shall be liberally given where prima facie support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

2. Fact Discovery

    a. All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before February 17, 2012.

    b. Fact discovery shall be <u>commenced in time to be completed</u> on or before November 14, 2012.

    c. No more than 25 Interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side/party.

    d. Document Requests shall be counted and served by the parties in accordance with Fed. R. Civ. P. 34.

    e. Requests for Admissions shall be counted and served by the parties in accordance with Fed. R. Civ. P. 36.

    f. No more than 10 depositions, excluding expert witness depositions, shall be taken by either side/party.

    g. The parties shall jointly submit a proposed protective order. The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged. No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are *compelling* reasons to do so. Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.

    h. Any party claiming privilege or protection of trial-preparation materials shall serve on the party seeking discovery a privilege log that complies with the requirements in Fed. R. Civ. P. 26(b)(5).

3. <u>ESI Discovery Plan</u>

    On or prior to February 29, 2012, the parties shall submit to the Court a joint proposal for an ESI discovery plan. The parties shall meet and confer prior to said date.

4. <u>Expert Discovery</u>

    a. The plaintiff may call up to three experts.

    b. The defendant may call up to three experts.

    c. On or before October 17, 2012, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

    d. On or before November 16, 2012, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

 e. On or before December 14, 2012, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

 f. Matters relating to drafts of expert reports and the preparation of expert witnesses shall be governed by Fed. R. Civ. P. 26(b)(4).

 g. All expert discovery shall be completed by January 20, 2013. The parties stipulate to a maximum of one expert deposition for each expert.

5. Discovery Relating to Claim Construction Hearing

 a. Any party alleging infringement shall serve its Claim Chart to the party defending against infringement by March 23, 2012. The title of the Claim Chart shall identify the party serving it.

  i. This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.

  ii. If there is a contention that there is infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

 b. Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by April 23, 2012. The title of the Responsive Claim Chart shall identify the party serving it.

  i. The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent.

  ii. As to the doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

c. On or before May 23, 2012, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court.

d. On or before June 6, 2012, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement.

   i. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

   ii. At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions.  The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

e. Following the parties' meet and confer and no later than June 13, 2012, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation.

   i. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

   ii. At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

      A. The construction of those claim terms, phrases, or clauses on which the parties agree;

      B. Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned

4

        treatises and prior art, and testimony of percipient and expert witnesses;

        C. Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

        D. An acknowledgement that the filed joint claim construction statement shall not be amended, modified, changed or the like without good cause shown.

    f. If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

        i. Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

        ii. Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

        iii. A briefing schedule.

6. <u>Discovery Relating to Validity/Prior Art</u>

    a. On or before April 23, 2012, the party defending against infringement shall serve to the opposing party a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.

    b. On or before May 23, 2012, the party alleging infringement shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.

    c. The Prior Art Statements can be, but need not be, in the form of expert reports.

    d. A party can add prior art to its original Statement only by leave of the Court for good cause shown.

7. <u>Other Discovery Issues</u>

> A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until *30 days after the Court's claim construction ruling,* provided that all relevant privileged documents are produced no later than *30 days after the Court's claim construction ruling*. All additional discovery regarding the waiver will take place *30 days after the Courts claim construction ruling,* and shall be completed by *the close of fact discovery.*

8. <u>Discovery Definitions</u>

   a. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale") and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.

   b. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

9. <u>Non-Dispositive Motions</u>

   a. Non-dispositive motions may be scheduled for hearing by calling the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, at 651-848-1870.

   b. **All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before January 30, 2012.**

   c. Except as to non-dispositive motion deadlines specifically set forth elsewhere in this Order, all non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before December 1, 2012.

   d. All non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before January 24, 2013.

   e. Prior to scheduling any non-dispositive motion, parties are strongly encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with D. Minn. LR 7.1 and 37.1, and shall be presented in a form that complies with D. Minn. LR 37.2.

    f. At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve non-dispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and D. Minn. LR 37.1 must have taken place, and all parties to the dispute must <u>agree</u> to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (<u>e.g.,</u> the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed). If the parties do <u>agree</u> to use this informal resolution process, one of the parties shall contact the Court's Judicial Assistant & Calendar Clerk, Kathleen Feldman, to schedule the conference. The parties shall submit <u>short</u> letters prior to the conference to set forth their respective positions. The requesting party shall submit its letter 7 days prior to the conference; the responding party shall submit its letter 4 days prior to the conference. The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order. If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

10. <u>Dispositive Motions</u>

    a. All dispositive motions shall be **served, filed, fully briefed and SCHEDULED on or before March 23, 2013**.

    b. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Sheri Frette, Calendar Clerk for the Honorable Joan N. Ericksen at (612) 664-5890. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.

11. <u>Status & Settlement Conferences</u>

    a. The parties <u>do not agree</u> that an early settlement conference is appropriate in this case.

    b. Counsel for the parties shall submit a joint letter to the Court setting forth the status of the case with reasonable specificity on or shortly prior to May 1, 2012.

    c. A formal settlement conference shall be scheduled by the Court on a later date when needed.

12. Trial

    a. This case shall be ready for a **Jury** trial on August 6, 2013, or upon resolution of any pending dispositive motions.

    b. Anticipated length of trial is five to seven days.

    c. The parties do not agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to jurors in connection with its preliminary jury instructions.

13. Remedies

    a. All prior consistent orders remain in full force and effect.

    b. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Dated: January 13, 2012

    *s/ Tony N. Leung*
    Magistrate Judge Tony N. Leung
    United States District Court for
    the District of Minnesota
    *Reshare vs. Dotfit*
    *11CV3010*