UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RESHARE COMMERCE, LLC<br>And FITNESS FORMULARY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DOTFIT, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Case No. 0:11-cv-03010-JNE-TNL |

## ORDER

The parties have submitted a Joint Proposal for ESI Discovery Plan. Upon consideration of the parties' joint proposal, IT IS HEREBY ORDERED that the discovery of electronic documents shall be undertaken in the following manner:

1) **Scope of Discovery**

   a) **Discovery Efforts**
   i) **Accessible ESI.** Each party represents that it has taken reasonable steps, including but not limited to timely implementation of a litigation hold, to preserve reasonably accessible sources of ESI in which it is reasonably likely that information relevant or reasonably likely to lead to the discovery of information relevant to the above matter may be found. Except as set forth in subparagraph 1(a)(ii), reasonably accessible sources of ESI include active and archived e-mail accounts, shared network drives, workstation or laptop hard drives, and external storage devices and media, including USB Flash Drives/JumpDrives. Each party will conduct a diligent search of those reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing party's discovery requests will be found. With respect to workstation or laptop hard drives and external storage devices and media, searches for ESI will be limited to only those workstation or laptop hard drives and external storage devices and media of custodians reasonably likely to have relevant and responsive information.
   ii) **Not Reasonably Accessible ESI.** The parties agree that the circumstances of this case do not warrant the preservation, review or production of ESI that is not reasonably accessible if, and only to the extent that, the party in possession of that ESI (1) has complied with the representations and obligations set forth in subparagraph 1(a)(i), *and* (2) believes in good faith that ESI is unlikely to contain significant relevant information not otherwise available in reasonably accessible

1

sources. For purposes of this paragraph, the parties agree that the following sources of ESI are not reasonably accessible:
(1) Backup tapes and systems created for the sole purpose of disaster recovery.
(2) Voicemail, except for voicemail, if any, that is converted to text and forwarded to the recipient's email account.
(3) Instant Messaging, except for instant messaging that has been logged in the ordinary course of business.
(4) Legacy Data.
(5) Residual, deleted, fragmented, damaged, or temporary data (e.g., data stored in a computer's RAM).
(6) Encrypted data/password protected files, where the key or password cannot be ascertained after reasonable efforts.
(7) Mobile electronic devices, including tablets and smartphones, that operate independently of and/or are unsynchronized with a network.

b) **Filtering.**
   (1) **Search Terms.** The parties may use search terms to filter for relevancy prior to review and production.
   (2) **Duplicates.** Each party may remove duplicative ESI to reduce unnecessary cost of reviewing and producing duplicative ESI.

c) **Timeframe.**
   i) **Rolling Production.** The parties will produce documents, including ESI, on a rolling production basis. The parties will communicate with each other about their respective priorities for production and agree to use good faith efforts to respond to reasonable requests for prioritized production, taking into account the volume of responsive information, its relative accessibility, efficiencies in the process of search and review, and additional processing time required for certain types of ESI.
   ii) **Supplemental Production.** Each party reserves the right to supplement production as needed.

2) **Form of Production.**
Except as provided herein, ESI and paper documents will be produced in single page, 300 DPI, Group IV TIFF format. This format allows for proper viewing, numbering, endorsement and any necessary redaction, and will work with most popular litigation software packages. Each party will accommodate reasonable requests for production of images in color.

3) **Organization of Production.**

Each image will be assigned a production ID number that will be used as the TIFF name and visibly endorsed on the image page. A separate image cross-reference file in .TXT format indicating the begin/end document number boundaries for each document will be provided as part of each production. Below are the components of a typical cross-reference file:

| Document ID | Image Path\Image Name | CD Volume |
|---|---|---|
| 000001 | DFIT\ 001\ 000001.tif | 001 |

When applicable, parent emails and any of their attachments should be produced as separate, contiguous documents. The parties will also produce an attachment range field. It will be satisfactory to the parties if a document is produced with a DOC ID range (1-2, 3-4, 5-6) and an Attachment Range entry (1-6). The first document identified in the range would be the parent document and each subsequent document in the range would be a child/attachment of that email.

The parties agree that when custodian information is available, the documents shall be produced with images accompanied by a separate cross-reference file in .TXT format that identifies the document custodian for each production set by a single production Bates Range per source. In addition, images of paper documents must include, where available, copies of file folders, envelopes, or labels or other identifying marks on the containers in which the documents were maintained.

The parties agree that ESI produced as described herein is reasonably usable and is an acceptable alternative to organizing the images according to the categories in the document requests.

4) **Exceptions.**

   a) **Excel™ Spreadsheets.**

   Except as provided in this subparagraph 4(a), the parties agree to produce Excel™ spreadsheets in native form if stored in that manner. Each such native file will be endorsed with a production ID number, *e.g.,* DFIT000001.xls. In addition, the producing party will furnish the MD5 hash value for any native file that is produced to permit easier resolution of any post-production challenges to authenticity. Each such file will also be produced in single page TIFF images as provided in Paragraph 2 above, and the producing party will provide a cross-reference file in .TXT format showing the corresponding native and TIFF files. Notwithstanding the above, if a spreadsheet includes

information that is not discoverable, *e.g.,* by reason of privilege or other immunity or because it includes highly sensitive business information that is not relevant or reasonably calculated to lead to the discovery of relevant information, the producing party, may, at its option, produce it, with the non-discoverable information redacted, only in single page TIFF images.  In such instances, the parties agree to negotiate in good faith whether a native file will be produced and, if so, how the nondiscoverable information will be redacted or otherwise protected from discovery.  To the extent that print-outs or images of all or part of a spreadsheet were also maintained in the ordinary course of business in static form (*e.g.*, as a pdf attachment), those documents will be produced as static images to the extent such production is not duplicative.

b) **Structured Data.**

Some types of ESI, such as databases, exist natively as structured data repositories as opposed to unstructured individual file populations.  Further, they will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  A party may at its option produce the relevant information from a database in an alternate form, such as a report or data table.  These reports or data tables will be produced in either a static image format or, upon a showing of relevance or need, in a popular database application, such as an Access™ database.  To the extent that relevant and responsive reports or data tables were also maintained in the ordinary course of business in static form (*e.g.*, as a pdf attachment), those documents will be produced as static images to the extent such production is not duplicative..

c) **Conversion not Practicable.**

Due to the nature or complexity of storage of some ESI (*e.g.*, ESI in custom or proprietary applications, website content, etc.), conversion to static image form may be overly burdensome.  The parties reserve the right to provide this ESI in some other reasonably usable format.

d) **Exception – Image Not Readable.**

Where TIFF images of certain documents are not readable for whatever reason due to processing constraints, the parties may request their production in native or other appropriate format.

e) **Non-Convertible Files.** Certain types of files such as system and program files, audio/video files, etc. will not be amenable to conversion into TIFF format. When they are present the files will not be converted into TIFF format but will be presented in the form of a placeholder TIFF image. The receiving party may request production of such files in a reasonably usable form (such as native) upon a showing of the need for and relevance of the file.

Examples of file types that are not conducive to conversion into TIFF image include but are not limited to:

*.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.ttf *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.psd *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *.db *.bat

Other files may not be amenable to TIFF conversion due to password protection, encryption or corruption (for example). If reasonable efforts to obtain useful TIFF images of these files are unsuccessful, these will also be accounted for with a placeholder image.

f) **Source Code.** Electronically stored source code that is responsive to discovery requests will be produced in its native file format.

5) **Metadata.**

Because the majority of metadata is unusable and of little value and the time required to review the metadata makes its production burdensome and costly, the parties agree that, absent a showing of special need, only the following metadata fields will be produced in connection with ESI (including both emails and loose electronic documents):

FileName

Extension

MailTo

MailFrom

CC

BCC

Subject

Date Sent

Date Received

Create Date

Date Last Modified

MD5 hash value (for native files only)

Nothing in this paragraph obviates any party's obligation to preserve metadata consistent with subparagraphs 1(a)(i) and (ii).

6) **Privilege**

   a) Each party will review documents for privileged information (or other information subject to a recognized immunity from discovery) prior to production.  Documents that contain both privileged and non-privileged information will be produced with the privileged information redacted in such a way as to show the location of the redaction within the document.  Documents or portions thereof withheld on privilege grounds will be identified in a privilege log in accordance with Fed. R. Civ. P. 26(b)(5), provided, however, that neither party shall be required to log documents created or received by the party or their counsel on or after the date of filing of the Complaint.

   b) Privileged information inadvertently produced in this matter will be handled in accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 and as further addressed in the Protective Order entered in this matter.

7) **Right to Request Additional Information**

The agreements set forth herein are without prejudice to the right of a requesting party to request additional information about specific ESI and discovery if that party can demonstrate that relevant and responsive information that is not otherwise cumulative of information already

produced can only be found through such additional efforts in accordance with the Federal Rules of Civil Procedure. However, a party who, in good faith reliance upon paragraph 2(a)(ii) of this agreement, does not preserve ESI that is not reasonably accessible is not in breach of its discovery obligations.

Dated: March 15, 2012                     ___*s/ Tony N. Leung*_____
                                          Honorable Tony N. Leung,
                                          Magistrate Judge, District of Minnesota
                                          *Reshare vs. Dotfit*
                                          *11cv3010*